JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

DOCKET NO. 507

JUL 14 1982

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE ARAB BOYCOTT LITIGATION

7/14/82

TRANSFER ORDER*

This litigation involves six actions pending in six districts as follows: one action each in the District of Delaware, the Northern District of Georgia, the Southern District of Iowa, the Northern District of Texas, and the Eastern and Western Districts of Wisconsin. All of these actions arise from the Arab League boycott of Israel and involve challenges by plaintiffs to the Export Administration Act of 1979 and regulations promulgated thereunder. Now before the Panel is a motion, as amended, by the four federal officials named as defendants in each action to transfer, pursuant to 28 U.S.C. §1407, the Delaware, Georgia, Iowa and Texas actions to the Eastern District of Wisconsin for coordinated or consolidated pretrial proceedings.1/ Plaintiffs in every action oppose transfer. Alternatively, in the event that the Panel determines that centralization is appropriate in this docket, plaintiffs in the Georgia and Delaware actions favor centralization in the District of Delaware.

On the basis of the papers filed and the hearing held, the Panel finds that these actions involve common questions of fact and that centralization of these actions under Section 1407 in the District of Delaware will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions in this docket share questions of fact concerning the nature of the Arab boycott of Israel; the means by which the boycott is fostered; the existence of any rules, principles, policies, procedures and exceptions by which the Arab League and its members determine how or whether to enforce the boycott; the actions,

---

\* Judge Sam C. Pointer, Jr., took no part in the decision of this matter.

1/ Although the two Wisconsin actions were included on the schedule of actions submitted with the motion, as amended, presently before the Panel, the moving parties noted that the Wisconsin actions had been submitted for decision on stipulated facts and cross-motions for summary judgment. Recognizing that the advanced status of these actions rendered them inappropriate for inclusion in Section 1407 proceedings, the moving parties restricted their motion to a request that the actions outside Wisconsin be transferred immediately and that the two Wisconsin actions be transferred only "if and when further pretrial proceedings become necessary" in those actions. Accordingly, we are now considering transfer only of the Delaware, Iowa, Georgia and Texas actions.

if any, which the Arab League or its members may take if United States persons do not comply with any boycott rules, principles, policies, procedures or exceptions which may exist; the consequences, if any, to United States persons who do not comply with any boycott rules, principles, policies, procedures, or exceptions which may exist; and the policy of the United States Government concerning economic boycotts. These factual questions may also be material to common legal issues of plaintiffs' standing to sue; plaintiffs' contentions concerning the nature and extent of the governmental and societal interests served by the challenged statute and regulations; plaintiffs' arguments about the reasonableness of the challenged provisions; and plaintiffs' claims of irreparable injury. Centralization under Section 1407 is therefore necessary in order to prevent duplication of discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary. Some opponents to transfer have suggested that voluntary cooperation among involved parties, counsel and courts is a preferable alternative to centralization. While such voluntary coordination of discovery efforts is always commendable, we conclude that transfer of these four actions to a single district under Section 1407 is still necessary to ensure the streamlining of discovery and all other pretrial proceedings involving these actions and any future tag-along actions.

Although no forum could be described as the nexus of this litigation, on balance we are persuaded that the District of Delaware is the appropriate transferee forum. Movants have stated that they do not oppose transfer to that district, although their first preference is transfer to the Eastern District of Wisconsin because of the familiarity which one of the judges sitting there has developed with the issues in this docket as a result of presiding over the action in the Western District of Wisconsin. We are reluctant to centralize a litigation in a district in which no constituent action is pending, however, and we are also concerned that transfer might delay resolution of the one Wisconsin action in which judgment has not been entered. We note that 1) seven of the twelve corporate plaintiffs reside in Delaware, and 2) since most of the common discovery in this docket will take place in Washington, D.C., where the defendants are located, the District of Delaware is the forum in which an action is pending that is most convenient to Washington, D.C.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, transfer be, and the same hereby is, DENIED with respect to the two actions listed on the attached Schedule A pending in the Eastern and Western Districts of Wisconsin; and it is further ordered that, pursuant to 28 U.S.C. §1407,

the actions listed on the attached Schedule A pending in the Northern District of Georgia, the Southern District of Iowa, and the Northern District of Texas be, and the same hereby are, transferred to the District of Delaware and, with the consent of that court, assigned to the Honorable James L. Latchum for coordinated or consolidated pretrial proceedings with the action already pending there and listed on Schedule A.

FOR THE PANEL:

Andrew A. Caffrey
Chairman

MDL-507 -- In re Arab Boycott Litigation

SCHEDULE A

<u>Northern District of Georgia</u>

<u>Crosley International, Inc., et al. v. Malcolm Baldrige, et al.</u>, Civil Action No. C-82-653-A

<u>Southern District of Iowa</u>

<u>Monsanto Co., et al. v. United States of America</u>, Civil Action No. 82-134-A

<u>Northern District of Texas</u>

<u>Lone Star Steel Co., etc., et al. v. Malcolm Baldrige, Secretary of Commerce, et al.</u>, Civil Action No. CA-3-82-0337-H

<u>Western District of Wisconsin</u>

<u>The Trane Co., et al. v. Malcolm Baldrige, Secretary of Commerce, et al.</u>, Civil Action No. 78-C-413

<u>Eastern District of Wisconsin</u>

<u>Briggs & Stratton, et al. v. Malcolm Baldrige, et al.</u>, Civil Action No. 80-C-721

<u>District of Delaware</u>

<u>R. J. Reynolds Industries, Inc. v. Malcolm Baldrige</u>, Civil Action No. 80-252